UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH S.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**DECISION AND ORDER**

6:21-CV-06391 EAW

## <u>INTRODUCTION</u>

       Represented by counsel, plaintiff Kenneth S. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

       Presently before the Court are the parties' cross motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. 14; Dkt. 15). For the reasons discussed below, the Commissioner's motion (Dkt. 15) is granted and Plaintiff's motion (Dkt. 14) is denied.

## BACKGROUND

Plaintiff protectively filed his applications for DIB and SSI on June 6, 2018.  (Dkt. 9 at 14, 80-81).[1]  In his applications, Plaintiff alleged disability beginning November 22, 2016.  (*Id.* at 14, 67).  Plaintiff's applications were initially denied on September 11, 2018.  (*Id.* at 84-99).  At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Susan Smith on April 1, 2020.  (*Id.* at 32-65). On April 10, 2020, the ALJ issued an unfavorable decision.  (*Id.* at 11-27).  Plaintiff requested Appeals Council review; his request was denied on March 16, 2021, making the ALJ's determination the Commissioner's final decision.  (*Id.* at 5-10).  This action followed.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)

---

[1]     When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

(quotation omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.   <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id*. §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of

Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id*. §§ 404.1509, 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.   The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December

31, 2020. (Dkt. 9 at 16). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since November 22, 2016, the alleged onset date. (*Id.*).

At step two, the ALJ found that "the record does not support any severe or durationally severe medically determinable impairment." (*Id.* at 17). However, in the alternative, the ALJ found that Plaintiff suffered from the severe impairments of: "status post right wrist fracture and surgical fixation, right shoulder osteoarthritis, and hypertension." (*Id.*). The ALJ found that Plaintiff's claimed medically determinable impairments of hernia, renal cyst, ear infections, palsy, depression, and post-traumatic stress disorder were non-severe. (*Id.* at 17-18).

At step three, the ALJ reiterated her conclusion that Plaintiff did not have any severe impairments, but concluded in the alternative that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 18-19).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (*Id.* at 19). At step four, the ALJ found that Plaintiff was capable of performing his past relevant work as a sales representative. (*Id.* at 22). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.*).

## II.   The Commissioner's Determination is Supported by Substantial Evidence and Free from Reversible Error

Plaintiff asks the Court to reverse the Commissioner's decision and remand for further administrative proceedings, arguing that the ALJ erred in assessing the opinions of primary care physician Dr. Allyson Wise. (Dkt. 14 at 3). The Court is not persuaded by

this argument, for the reasons discussed below.

Under the regulations applicable to Plaintiff's claim, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Further, when a medical source provides one or more medical opinions, the Commissioner will consider those medical opinions from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of the applicable sections. *Id.* Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, purpose and extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* at §§ 404.1520c(c), 416.920c(c).

When evaluating the persuasiveness of a medical opinion, the most important factors are supportability and consistency. *Id.* at §§ 404.1520c(a), 416.920c(a). With respect to "supportability," the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at §§ 404.1520c(c)(1), 416.920c(c)(1). With respect to "consistency," the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the

more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at §§ 404.1520c(c)(2), 416.920c(c)(2).

The ALJ must articulate her consideration of the medical opinion evidence, including how persuasive she finds the medical opinions in the case record. *Id*. at §§ 404.1520c(b), 416.920c(b). "Although the . . . regulations eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning 'weight' to a medical opinion [set forth in prior regulations], the ALJ must still articulate how [he or she] considered the medical opinions and how persuasive [he or she] find[s] all of the medical opinions." *Andrew G. v. Comm'r of Soc. Sec.*, No. 3:19-CV-0942 (ML), 2020 WL 5848776, at *5 (N.D.N.Y. Oct. 1, 2020) (quotations and citation omitted). Specifically, the ALJ must explain how she considered the "supportability" and "consistency" factors for a medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may—but is not required to—explain how she considered the remaining factors. *Id*.

In this case, Dr. Wise provided medical source statements in which she opined, among other things, that Plaintiff could never lift or carry more than 10 pounds, could only rarely lift or carry less than 10 pounds, could stand or walk for less than one hour in a workday, and would likely be off task for 15% of the day due to pain. (Dkt. 9 at 309-18). The ALJ found these opinions unpersuasive. (*Id.* at 21). Plaintiff quotes the ALJ's statement that "[t]he incongruity of the objective record (and even to some degree the subjective record) with the treating source form . . . is so significant as to not only render it unpersuasive, but also essentially nonprobative," and argues that "[t]he ALJ utterly failed

to perform any meaningful analysis under the supportability and consistency factors for Dr. Wise's opinions." (Dkt. 14 at 11 (citation omitted)).

Plaintiff's argument ignores the three paragraphs of analysis directly preceding the quoted language in the ALJ's decision. In those paragraphs, the ALJ considered the supportability of Dr. Wise's assessment of Plaintiff's physical limitations, identifying the inconsistencies between Dr. Wise's opinions and her own treatment records. The ALJ explained that Dr. Wise's physical examinations of Plaintiff did not reveal any "signs of distress" or "objective abnormalities" and that Plaintiff had described his pain to Dr. Wise as "manageable." (Dkt. 9 at 21). The ALJ went on to consider the consistency of Dr. Wise's opinion with the other evidence of record, explaining that: (1) "the notes and testing that are in the file show few objective abnormalities as it concerns the right arm, wrist, or shoulder"; (2) electrodiagnostic testing did not reveal any abnormality other than a mild sensory polyneuropathy that neurologist Dr. Emma Ciafaloni "did not find diagnostic or significant"; and (3) Plaintiff consistently showed normal strength. (*Id.*).

As to Plaintiff's mental impairments, as the ALJ explained, Dr. Wise did not identify any mental limitations apart from her assessment that Plaintiff would be off task 15% of the workday due to pain and would be absent for four workdays per month for unspecified reasons. (*Id.* at 18). The ALJ concluded that to the extent Dr. Wise was purporting to base these limitations on Plaintiff's mental health, they were wholly inconsistent with her records "showing no objective mental status deficits and virtually no treatment outside of perhaps some early use of medical THC." (*Id.*). The ALJ further explained that the record was devoid of any complaints of mental health symptoms by

Plaintiff after April of 2019.  (*Id.*).  As such, the ALJ appropriately concluded that Dr. Wise's opinion was not persuasive to the extent it stated that Plaintiff "would be excessive off task or absent due to mental impairments."  (*Id.*).

Plaintiff's contention that the ALJ did not meaningfully consider the consistency and supportability of Dr. Wise's opinions is without basis in the record.  The ALJ expressly considered whether Dr. Wise's opinions were supported by her own records and whether they were consistent with the other medical evidence of record.  The Court finds no basis to disturb the Commissioner's determination.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 15) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 14) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.


ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     February 13, 2023
           Rochester, New York